UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROSSILLEE PATTERSON, *et al*., | : | Case No. 1:13-cv-49 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| BEST BUY CO., INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
ON DEFENDANT'S AFFIRMATIVE DEFENSES (Doc. 45)**

This civil action is before the Court on Plaintiffs' motion for partial summary judgment on Defendant's affirmative defenses (Doc. 45) and the parties' responsive memoranda (Docs. 59, 97).

## I.  BACKGROUND

Defendant alleged nineteen separate affirmative defenses in response to Plaintiffs' complaint.  (Doc. 20 at 10-13).  Plaintiffs allege that Defendant improperly objected to interrogatories requesting information relating to the affirmative defenses.  Additionally, Plaintiffs allege that while they requested, in their 30(b)(6) notice, that Defendant produce a witness who could provide the factual basis for the affirmative defenses, Defendant failed to do so.  Plaintiffs argue that by failing to provide any facts supporting its affirmative defenses, Defendant has rendered Plaintiffs entitled to judgment on Defendant's affirmative defenses as a matter of law.

## II.    STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action.  *Celotex*, 477 U.S. at 323.  All facts and inferences must be construed in a light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . .  must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 248 (1986).

## III.    ANALYSIS

The Court finds that this is not a matter for summary judgment.  Instead, Plaintiffs present a discovery dispute that they failed to raise before the discovery deadline.  Pursuant to S.D. Ohio Civ. R. 37.1:

> [o]bjections, motions, applications, and requests relating to discovery shall not be filed in this Court, under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences.  After extrajudicial means for the resolution of differences about discovery have been exhausted, then in lieu of immediately filing a motion under Fed. R. Civ. P. 26 or 37 and S.D. Ohio Civ. R. 37.2, any party may first seek an informal telephone conference with the judicial officer assigned to supervise discovery in the case.

Additionally, pursuant to this Court's civil procedures, discovery motions are not permitted: "unless and until counsel . . . first attempt to resolve disputed by 'extrajudicial means.'"  This Court defines "extrajudicial means" as requiring counsel to try to resolve the matter both in writing and by telephone.  If counsel are unable to resolve the dispute between themselves, then they must "contact the Court's Deputy Clerk … and a telephone conference with counsel and the Court will be scheduled as soon as possible."  *See* www.ohsd.uscourts.gov/FPBlack.  Plaintiffs failed to comply with these procedures.

Moreover, Plaintiffs' discovery motion is untimely.  It is well-established that a district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery.  *White v. Honda of A. Mfg.*, No. 2:07cv216, 2008 U.S. Dist. LEXIS 112102, at *13 (S.D. Ohio Dec. 31, 2008).  Here, the discovery deadline expired on October 6, 2014, and, therefore, Plaintiffs' motion, filed on November 14, 2014, is untimely.[1]

---

[1] Plaintiffs requested to take over 15 depositions in September 2014, on the eve of the discovery deadline. (Doc. 59, Ex. 2 at ¶ 22).  The parties were able to schedule seven of the requested depositions before the close of discovery, but Defendant agreed to allow Plaintiffs to take the remaining depositions after the close of discovery.  (*Id.* at ¶ 24).

Finally, the remedy sought – judgment in favor of Plaintiffs on Defendant's affirmative defenses – is inappropriate.  The Federal Rules state that if a court issues an order compelling discovery, and a party fails to comply with the court order, *then* the other party may seek sanctions, including "prohibiting the disobedient party from supporting …[its] defenses."  Fed. R. Civ. P. 37(b)(2)(A)(ii).  Here, Plaintiffs did not file a motion to compel discovery or obtain a court order compelling discovery.  Therefore, seeking dismissal of Defendant's defenses is improper.

## V.  CONCLUSION

Accordingly, for these reasons, Plaintiffs' motion for partial summary judgment on Defendant's affirmative defenses (Doc. 45) is **DENIED**.

**IT IS SO ORDERED**.

Date:  1/20/15

*/s/ Timothy S. Black*
Timothy S. Black
United States District Judge